UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILDA VAN HOEK,

        Plaintiff,

v.                              Case No.:  8:17-cv-02447-T-36AAS

McKESSON CORPORATION,
a foreign corporation, PSS WORLD
MEDICAL, INC., a Florida corporation,
McKESSON MEDICAL-SURGICAL
INC., a foreign corporation, McKESSON
MEDICAL-SURGICAL TOP HOLDINGS
INC., a Florida corporation,

        Defendants.

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL DISCLOSURE OF PERSONAL
TELEPHONE NUMBERS AND ADDRESSES OF DEFENDANTS' WITNESSES**

Defendants, McKESSON CORPORATION, PSS WORLD MEDICAL, INC.,
McKESSON MEDICAL-SURGICAL INC., and McKESSON MEDICAL-SURGICAL TOP
HOLDINGS INC. (hereinafter "Defendants"), by and through its undersigned counsel hereby
respond to Plaintiff's Motion to Compel Disclosure of Personal Phone Numbers and Addresses of
Defendants' Witnesses (Dkt. No. 37; Motion to Compel).  Without providing any justifiable basis
for why Plaintiff needs the home addresses and telephone numbers of non-party witnesses,
Plaintiff seeks to compel Defendants to identify this personal information about non-parties to this
action.  In fact, Plaintiff asserts that she is entitled to this information even if it is not relevant to
any claim in this case.  Plaintiff, however, has not even identified her own home address and

telephone number in her initial disclosures.  On the other hand, Defendants satisfied both the express language and purpose of the rule by providing contact information for these witnesses.  In addition to providing contact through the undersigned counsel, Defendants also offered to provide the business address and telephone numbers for these witnesses.  Plaintiff rejected this offer as unacceptable.  This motion is nothing more than a timewaster, which serves no purpose but to harass Defendants, invade the privacy of non-party witnesses, unnecessarily multiply these proceedings, and waste this Court's limited resources.  Therefore, Plaintiff's Motion to Compel must be denied.

## MEMORANDUM OF LAW

### I.    Background

On January 10, 2018, Defendants served their initial disclosures.  (Motion to Compel Ex. 1).  As required by Rule 26(a)(1), they identified the individuals likely to have discoverable information along with the subject areas of that information that Defendants may use to support their defenses.  (Id.).  Specifically, Defendants identified each witness by name, including Plaintiff, and provided an address and telephone number for the witnesses.  (Id.).  For most of the witnesses, Defendants provided the address and telephone number for the undersigned counsel as those witnesses may be contacted through counsel.  (Id.).

On January 10, 2018, Plaintiff also served her initial disclosures.  (See Plaintiff's Initial Disclosures, which are attached as Exhibit A).  Notably, Plaintiff does not disclose herself as an individual with knowledge or provide any address or telephone number at which she could be contacted.  (Id.).  She also listed several other witnesses with a business address.  (Id.). Thus, despite her contention that Defendants violated Rule 26(a)(1) when they did not provide the home addresses and personal telephone numbers for the non-party witnesses, Plaintiff did not abide by

her own interpretation of Rule 26(a)(1) when she made her initial disclosures. (Id.). Plaintiff also does not need the home addresses and personal telephone numbers of these witnesses in order to contact these witnesses. She represents that she will contact these witnesses through counsel. (Motion at 3-4). Nonetheless, she continues to persist in her demand for this information.

In an effort to avoid this motion practice, Defendants specifically asked Plaintiff why she needed the home addresses and telephone numbers. At first, Plaintiff merely stated that she was entitled to this information. Then, however, she stated that she needed it to serve subpoenas. Defendants' counsel explained that it would accept service of any subpoenas directed to these witnesses. Plaintiff then said that she might need the information to conduct "background investigations." To attempt to reach a resolution of this issue, Defendants offered to provide the business addresses and telephone numbers for these individuals. Plaintiff, however, declared that offer to be unacceptable. However, she offered no other explanation for why she needs the home address and personal telephone numbers for these witnesses. Indeed, in this Motion to Compel, she still offer no further justification, although she also fails to inform the Court of Defendants' offers through the conferral process.

As set forth infra, Plaintiff is not entitled to the home addresses and personal telephone numbers of the non-party witnesses in this case. Plaintiff cannot offer any justification for why this information is relevant or necessary in this case. At a minimum, the initial disclosure requirement must be interpreted consistent with the scope of discovery as set forth in Rule 26(b). Defendants complied with the plain language and the purpose of Rule 26(a)(1) when they provided contact information for the non-party witnesses. The rule does not state that the party is required to disclose a home address or personal telephone number. Instead, Defendants are required to provide contact information so that the witnesses may be contacted, which is exactly what

Defendants did.  Even if Rule 26(a)(1) could be interpreted as Plaintiff suggests, there is a good cause for a protective order under Rule 26(c) to protect the privacy interests of non-parties to this litigation, especially when Plaintiff has not identified any legitimate reason why she needs this information and she failed to provide the same information about herself.  For all of these reasons, this Motion to Compel must be denied.

## II.   Witnesses' Home Addresses and Telephone Numbers Are Not Discoverable

The purpose of the recent amendment to the Federal Rules of Civil Procedure was to focus discovery and support the inexpensive determination of every action.  <u>See</u> Fed. R. Civ. P. 26 advisory committee's notes (2015).  In particular, Rule 26 was amended to add the proportionality standard into the scope of the discovery.  <u>Id.</u>  This standard was created in 1983 to address the problem of over-discovery, including redundant and disproportionate discovery, and to empower the courts with the ability to discourage discovery overuse.  <u>See</u> Fed. R. Civ. P. 26 advisory committee's notes (1983 & 2015).  In addition, Rule 1 was amended to require the parties to construe, administer, and employ these rules, including Rule 26(a)(1), to "secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

As a result, contrary to Plaintiff's suggestion (Motion ¶ 22), courts in this district have recognized that "[t]he party seeking discovery may only obtain information directly relevant to the claims at issue."  <u>People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.</u>, 8:16-CV-2899-T-36AAS, 2017 WL 4410111, at *5 (M.D. Fla. Oct. 4, 2017).  This motion is a prime example of why such limits are necessary.

In this case, Plaintiff attempts to challenge the account assignment decisions for five accounts.  (<u>See generally</u> Fourth Amended Complaint).  The scope of discovery in this case must be limited to those claims.  <u>See</u> Fed. R. Civ. P. 26(b)(1).  Defendants identified the individuals

who might support their defenses related to these account assignment decisions and it provided contact information for those witnesses.  (Motion to Compel Ex. 1).   Plaintiff does not allege that she needs the home addresses and telephone numbers to contact these witnesses.  (Motion to Compel at 3-4).  In fact, she represents that she will contact these witnesses through counsel.  (Id.).

Nonetheless, Plaintiff asserts that she is dissatisfied with this disclosure because she may need to subpoena these individuals or conduct "background investigations" regarding these non-parties. (Motion to Compel at 7-8).  Plaintiff, however, failed to disclose to the Court that Defendants' counsel agree to accept service of any subpoena directed to these witnesses.  Additionally, when Plaintiff expressed her dissatisfaction about this disclosure, Defendants offered to provide the business addresses and telephone numbers for these witnesses.  Plaintiff's rejected this offer as unacceptable and continues to insist that Defendants provide the home addresses and personal telephone numbers for these non-party witnesses.  At the same time, however, Plaintiff has failed to provide her own home address and telephone number in her initial disclosures.  (See Exhibit A).

There is no reason to invade the privacy of these non-party witnesses in this case.  Plaintiff contends that home addresses and personal phone numbers are necessary to conduct "background investigations" and are "necessary predicates for Plaintiff to obtain relevant information." (Motion to Compel ¶ 24).  However, she does not explain how the home address and telephone number will facilitate a background investigation, especially without the individual's social security number or date of birth.  (See id. at 7-8).  Nor does Plaintiff explain how the home address and personal telephone number will yield any different information than a business address and telephone number.  (See id.).  Furthermore, Plaintiff does not indicate what background information she is seeking or what information she will be searching.  (See id.).  She makes no

attempt to explain how "background information" about a non-party witness is relevant to any claim in this case.  (See id.).  She also does not disclose the relevant information to which a home address and telephone number is a "necessary predicate."  (See id.).  Likewise, while she asserts, in a conclusory fashion, that a witness's home address and personal telephone number "are important to the issues at stake," she makes no attempt to explain how this information is important to her claims.  (Id. at 8).  Thus, Plaintiff has provided no basis in fact to seek this information.

Courts have concluded that, without some basis in fact, personal information about a witness's background is not discoverable.  See, e.g., Darwish v. Family Dollar Stores, Inc., 09CV02764MSK-MEH, 2010 WL 2086107, at *2 (D. Colo. May 20, 2010) ("seeking such records about a nonparty witness without some basis in fact is the classic fishing expedition, which courts almost uniformly prohibit").  Additionally, while Plaintiff asserts that this information is accessible in Defendants' personnel records, courts also have held that a non-party's personnel file is subject to protection.  See, e.g., Chung v. El Paso Sch. Dist. #11, 14-CV-01520-KLM, 2015 WL 1880372, at *6 (D. Colo. Apr. 22, 2015) ("Plaintiff is not entitled to go on a fishing expedition by requiring the production of [a witness's] entire personnel file and tax records without articulating a sufficient reason for their production."); Gov't Employees Ins. Co. v. Prushanksy, 12-80556-CIV, 2013 WL 499382, at *3 (S.D. Fla. Jan. 4, 2013) (observing that "'[n]o party has the right to conduct a general fishing expedition into the personnel records of another'" (quoting Alterra Healthcare Corp. v. Estate of Shelley, 827 So. 2d 936, 944 (Fla. 2002)); see also Spano v. CSX Transp., Inc., 3:16-CV-245, 2017 WL 3332246, at *5 (W.D. Pa. Aug. 3, 2017) ("Requests for personnel files are subject to a heightened relevancy standard since there is a strong public policy against disclosure of personnel information."); Radcliffe v. Darcy Hall Med. Inv'rs, LLC, 09-81063-CIV, 2010 WL 11504205, at *4 (S.D. Fla. Mar. 22, 2010) ("[T]he mere fact that a person may be a witness in a

6

case does not automatically warrant access to their personnel file.").

Indeed, courts in this district have recognized that personnel files should be treated with sensitivity and, as a result, they have required the redaction of personal information. <u>People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.</u>, 8:16-CV-2899-T-36AAS, 2017 WL 4410111, at *5 (M.D. Fla. Oct. 4, 2017) ("Federal courts recognize that personnel files contain private information and that they should exercise caution in permitting the discovery of information which may embarrass non-party employees." (internal quotation marks omitted)).

As the foregoing demonstrates, Plaintiff has no valid reason for seeking this information. While she says that she needs it to conduct "background investigations," she provides no explanation of this purpose. It is apparent that Plaintiff is seeking to engage in a fishing expedition regarding the background of non-party witnesses, which is prohibited. She contends that this information is necessary to serve subpoenas, but Defendants' counsel already offered to accept service of any subpoenas for these witnesses. Plaintiff provides no other basis for seeking the home addresses and personal telephone numbers for these non-party witnesses. Thus, Defendants should not be compelled to facilitate this fishing expedition by providing this information about the non-party witnesses.

### III.   Plaintiff Is Not Entitled to Information Unless It Is Within the Scope of Discovery

Plaintiff contends that she is entitled to information under Rule 26(a)(1) even though it is not within the scope of discovery as set forth in Rule 26(b). (Motion ¶¶ 19-21, 25). In other words, Plaintiff contends that, merely because she filed this lawsuit, she is entitled to the home addresses and personal telephone numbers of non-parties even though that information is not relevant to any claim in this case. (<u>Id.</u>). This position is without merit. <u>Gomez v. Empower "U", Inc.</u>, 17-CV-22633, 2017 WL 4919224, at *3 (S.D. Fla. Oct. 31, 2017) ("The mere filing of a civil action does

not entitle a party to engage in unfettered discovery.").

There is no language in Rule 26(b) that exempt disclosures from the scope of discovery. And there is no reason to do so. Rule 26(a)(1) was intended to provide certain <u>relevant</u> information without the necessity of a formal discovery request. While the rule states that the information must be provided "without awaiting a discovery request," Fed. R. Civ. P. 26(a)(1)(A), it does not state that the discovery standard in Rule 26(b) is inapplicable to these disclosures. Instead, it merely requires the information to be provided without a discovery request. It was intended that these disclosures would be within the scope of discovery, but remove the paperwork associated with making the requests. <u>See</u> Fed. R. Civ. P. 26 advisory committee's notes (1993). Indeed, under a reasonable interpretation of Rule 26(a)(1), these requests would be within the scope of discovery. The only reason a conflict exists in this case is based on Plaintiff's overbroad interpretation of Rule 26(a)(1), which, as set forth below, is not supported by the plain language of the rule.

Nonetheless, if Rule 26(a)(1) could be interpreted as Plaintiff suggests, which would require the Court to rewrite this rule, it still has to comply with the scope of discovery. There was no intent as evidenced by the plain language or the advisory committee's notes to create a discovery device that would allow the discovery of information beyond the scope of discovery in Rule 26(b). To conclude otherwise would allow Plaintiff to cast a demand as a disclosure obligation and obtain unfettered discovery merely because Plaintiff filed the lawsuit. The Rule does not support this conclusion.

Plaintiff contends that, if she is held to the scope of discovery standard, it "would eviscerate Rule 26(a)." (Motion ¶ 21). This argument demonstrates the frivolousness of Plaintiff's position that she is entitled to this information. The discovery standard is the basic obligation to require a party to undergo the burden and expense of obtaining this information as well as to infringe on the

8

privacy interests of Defendants and non-party witnesses to this litigation.  Indeed, applying the scope of discovery standard to the interpretation of Rule 26(a)(1) protects, not eviscerates, the parties' and the Court's interest in the just, speedy, and inexpensive determination of this action. It also upholds the purpose of Rule 26(a)(1), which is to provide relevant information without the necessity of formal discovery requests.  Rule 26(a) was not enacted to provide irrelevant information and unfettered discovery, which is not otherwise discoverable.

Therefore, Plaintiff must satisfy the discovery standard in Rule 26(b)(1) in order to compel Defendants to provide the home addresses and personal telephone number of non-party witnesses. As set forth above, Plaintiff has failed to satisfy this standard.

### IV.     Defendants Have Satisfied the Express Language and Purpose of Rule 26(a)(1)

Defendants' initial disclosures satisfy both the express language and purpose of Rule 26(a)(1).  The rule provides, in pertinent part, that the party must identify the name of the witness along with the address and telephone number.  That is exactly what Defendants provided.  (Motion to Compel Ex. 1).

The purpose of the requirement to disclose the address and telephone number is to provide contact information for the witness.  See Biltrite Corp. v. World Road Markings, Inc., 202 F.R.D. 359, 362 (D. Mass. 2001) (noting that "[t]he obvious purpose of the disclosure requirement of Rule 26(a)(1)(A), Fed. R. Civ. P., is to give the opposing party information as to the identification and location of person with knowledge so that they can be contacted in connection with litigation"). The purpose is not to provide information for the party to conduct "background investigations" of non-party witnesses.  See id.; see also Rule 26(a)(1)(A) & advisory committee's notes (1993 & 2000).

As a result, Defendants satisfied the express language and purpose of this rule when they

provided contact information for these witnesses.  Plaintiff does not complain that she lacks contact information for these witnesses.  Indeed, she represents that she will contact these individuals through the undersigned counsel.  Given that the purpose and the express language of this rule has been satisfied, there is no basis to order Defendants to provide further information about these witnesses under the guise of a disclosure obligation.

Plaintiff, however, alleges that Rule 26(a)(1)(A) requires the disclosure of a home address and personal telephone number for the witnesses.  In order to accept Plaintiff's interpretation of the rule, this Court would have to re-write Rule 26(a)(1)(A).  Specifically, the Court would have to re-write the rule to insert the word "home" before address and "personal" before telephone number.  The advisory committee (after a lengthy and extensive notice and comment period), the United States Supreme Court, and Congress elected not to add this requirement to the rule.  Thus, this Court should not interpret an additional requirement into the rule, which was not created by the drafters.

Indeed, the advisory committee recognized that a party is not foreclosed from using traditional discovery tools to obtain additional information regarding the witnesses disclosed.  Fed. R. Civ. P. 26(a) advisory committee's note (1993).  In this case, Plaintiff elected not to serve an interrogatory or request for production seeking this information.  Instead of serving a discovery request for this information, which she certainly would have to satisfy the discovery standard, Plaintiff elected to file this Motion to Compel to attempt to compel Defendants to provide information for which Plaintiff cannot establish any legitimate need.[1]

Plaintiff's own initial disclosures do not support her contention that Rule 26(a)(1) requires

---

[1] Given Plaintiff's argument that the disclosure obligation is not limited by the scope of discovery, her failure to serve a discovery request for this additional information suggests that even she acknowledges that she cannot satisfy the discovery standard for seeking this information.

the disclosure of home addresses and personal telephone numbers.  (See Exhibit A).  First, Plaintiff does not even identify herself as an individual likely to have discoverable information to support her claims.  (Id.).  As she failed to identify herself, she also did not provide her home address or her personal telephone number. (Id.).  Moreover, she identified several other witnesses through a business address and the same business telephone number.  (Id.).  She did not disclose the home address or personal telephone number or indicate that she lacked that knowledge.  (Id.).  Thus, her own disclosures do not comply with her interpretation of the rule that she is now seeking to enforce in this Motion to Compel.

The case law cited by Plaintiff is not binding and is inapposite.  For example, in Altheim v. GEICO Gen. Ins. Co., 8:10-CV-156-T-24TBM, 2010 WL 11508155, at *1 (M.D. Fla. May 17, 2010), the only argument made in the response to the motion to compel was that the home addresses and telephone numbers were protected by the attorney-client privilege.  The same argument was made in Viveros v. Nationwide Janitorial Ass'n, Inc., 200 F.R.D. 681, 684 (N.D. Ga. 2000).  The courts in both cases rejected this argument.  See Altheim, 2010 WL 11508115, at *1; Viveros, 200 F.R.D. at 684.  Defendants, in this case, do not contend that the information is privileged.  Instead, as explained above, this information is outside the scope of discovery because it is not relevant.

In Lyon v. Bankers Life & Cas. Co., CIV. 09-5070-JLV, 2011 WL 124629, at *6 (D.S.D. Jan. 14, 2011), the defendant did not identify any specific individuals, but only a "corporate representative."  The defendant also failed to identify any subject area of knowledge for the witness and the documents to support its defenses.  Id.  Defendants, in this case, however, have identified specific individuals, provided their contact information, and identified the documents that support their defenses.  The Lyons decision does not support the conclusion that Defendants failed to

comply with Rule 26(a)(1)(A).

In several of these cases cited by Plaintiff,[2] the party had requested the home addresses and telephone numbers in a discovery request, which the court ordered to be produced under the discovery standard of Rule 26(b)(1).  Townsend v. Hosp. Bd. of Directors of Lee County, 2:10-CV-59-FTM-29, 2010 WL 3702546, at *1 (M.D. Fla. Sept. 16, 2010); Fausto v. Credigy Services Corp., 251 F.R.D. 427, 430 (N.D. Cal. 2008).  As noted above, Plaintiff, in this case, however, did not serve a discovery request for this information or establish that this information was within the scope of discovery.  Thus, these cases are distinguishable and do not establish an obligation under Rule 26(a)(1) in this case to provide home addresses and personal telephone numbers.

The cases cited by Plaintiff also do not address Defendants' arguments in this case, including the fact that the plain language of the rule does not require this information, that the purpose of the rule has been satisfied by the disclosure made in this case, that there is no legitimate need for this information, that this information is outside of the scope of discovery, that the plaintiff did not comply with her own interpretation of the rule, and that there is good cause to enter a protective order to protect the privacy interests of these non-party witnesses.  See Lyon, 2011 WL 124629, at *6; Altheim, 2010 WL 11508115, at *1; Viveros, 200 F.R.D. at 684; see also Pedro-Mejia v. Franco Plastering Inc., 2:17-CV-452-FTM-99CM, 2018 WL 1035844, at *3 (M.D. Fla. Feb. 23, 2018); Townsend, 2010 WL 3702546, at *1; Hartman v. Am. Red Cross, 09-1302, 2010 WL 1882002, at *1 (C.D. Ill. May 11, 2010); Thurby v. Encore Receivable Mgmt., Inc., 251 F.R.D. 620, 622 (D. Colo. 2008) (noting that the defendant did not cite any case law or other arguments to support the conclusion that home addresses and telephone numbers should not be required);

---

[2] Plaintiff even cited one state court case, which would not be applicable in interpreting a federal rule of procedure.  Florida First Fin. Group, Inc. v. De Castro, 815 So. 2d 789, 791 (Fla. 4th DCA 2002).

Fausto, 251 F.R.D. at 430; Dixon v. Certainteed Corp., 164 F.R.D. 685, 689 (D. Kan. 1996).

Thus, the cases cited by Plaintiff do not support the conclusion, in this case, that Defendants' initial disclosures are deficient.   Indeed, Defendants' arguments, which are set forth in this response, establish that Defendants did not violate Rule 26(a)(1) when they made their initial disclosures.

Moreover, other courts have found that a party is not required to disclose the home addresses and personal telephone numbers of non-party witnesses.  For example, in Nguyen v. County of Clark, C10-5267BHS, 2010 WL 4483819, at *1 (W.D. Wash. Oct. 29, 2010), the court concluded that Rule 26(a)(1) did not require the disclosure of home addresses and telephone numbers.   It rejected the plaintiff's assertion that this information was needed to conduct "background investigations" and serve process.  See id.  The court found that the plaintiff failed to establish a need for this information.  Id.  As a result, it denied the plaintiff's motion to compel. Id.

Plaintiff contends that this decision in Nguyen is distinguishable because the plaintiff did not argue that he needed the information to serve subpoenas.  (Motion ¶ 26).  However, Plaintiff likewise does not need the home addresses and telephone numbers of non-party witnesses to serve subpoenas for depositions or trial.   While Plaintiff fails to acknowledge it in her motion, Defendants' counsel explained that it would accept service of any subpoenas directed to these witnesses.

Other courts likewise have concluded that Rule 26(a)(1) does not require the disclosure of home addresses and personal telephone numbers.  See Harnage v. S. Barrone, 3:15CV01035(AWT), 2017 WL 3448543, at *14 (D. Conn. Aug. 11, 2017); Caraveo v. Nielsen Media Research, Inc., 01CIV.9609(LBS)(RLE), 2003 WL 1986926, at *1 (S.D.N.Y. Apr. 24,

2003) (finding that there was no need for the defendant to disclose home addresses and telephone numbers under Rule 26(a)(1)), report and recommendation adopted sub nom. Caraveo v. Nielson Media, Inc., 01 CIV. 9609LBSRLE, 2004 WL 2534205 (S.D.N.Y. Nov. 9, 2004).  Indeed, as held by the court in Brunson v. State Farm Fire and Cas., Co., No. 07-2320-MaV, 2008 WL 11320266, at *2 (W.D. Tenn. 2008), "Rule 26(a) does not require the disclosure of personal addresses or telephone numbers."  Instead, the court explained that the rule only requires the disclosure of "*an* address and telephone number, if known, for each individual."  Id.

Therefore, as the foregoing establishes, Defendants were not required to identify the home addresses and personal telephone numbers of witnesses under Rule 26(a)(1).

## V.      The Court Should Enter a Protective Order to Prohibit the Disclosure

Even if Plaintiff's interpretation of Rule 26(a)(1) is correct and it does require the disclosure of home addresses and personal telephone numbers, the Court should not require the disclosure of this information in this case.  Instead, there is a good cause, under the circumstances of this case, to enter a protective order to limit the scope of the disclosure and prevent Plaintiff from inquiring into the home addresses and personal telephone numbers without any legitimate need for this information.  The Court should protect these non-party witnesses from intrusive fishing expeditions into their background and other annoyance, harassment, embarrassment, or oppression from Plaintiff's use of this information.

Specifically, Rule 26(c)(1) provides:

The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
. . . .

       (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

. . . .

Fed. R. Civ. P. 26(c)(1).  Additionally, Rule 37(a)(5) states that, if a motion to compel is denied, in whole or in part, "the court may issue any protective order authorized under Rule 26(c)."  Fed. R. Civ. P. 37(a)(5).

There is good cause to enter a protective order in this case.  As set forth above, the plain language of the rule does not require this information, the purpose of the rule to provide contact information has been satisfied by the disclosures made in this case, there is no legitimate reason for this information, this information is outside of the scope of discovery, and the plaintiff did not comply with her own interpretation of the rule.  Additionally, these non-party witnesses, who Defendants were required to identify as part of the initial disclosure obligation, should be protected from intrusive and unlimited fishing expeditions into their background and other unnecessary invasions of their privacy.  Plaintiff has not identified what information she is seeking by conducting a "background investigation" or any good faith basis for making such an inquiry of all non-party witnesses.  As set forth above, Plaintiff has failed to provide any reasonable justification for this information.  She also has represented that she does not intend to contact these witnesses, except through counsel.

As a result, even if Plaintiff is correct in her interpretation of Rule 26(a)(1), this Court should enter a protective order forbidding this disclosure of the home addresses and personal telephone numbers for non-party witnesses, especially without any good faith basis for doing so. If Plaintiff has a good faith basis for making a specific inquiry into a particular witness's background, then she should be required to serve a discovery request for that information and establish the relevance of the specific request to the claims at issue in this case.

This protective order is necessary in order to prevent an unfettered fishing expedition into the background and personal information of non-party witnesses to this action. The privacy interests of these non-party witnesses far outweighs any minimal relevance, if any, from this information. Eldaghar v. City of New York Dept. of Citywide Admin. Services, 02 CIV. 9151 KMW HBP, 2004 WL 5923139, at *1 (S.D.N.Y. June 8, 2004) (entering a protective order to permit the redaction of home addresses and personal telephone numbers for employees and recognizing "the important privacy interest that attaches to an individual's home address and home telephone number"); see also Smith v. Walley, 4:11-CV-00079-SWW, 2011 WL 3108329, at *3 (E.D. Ark. July 26, 2011) (concluding that "State Farm's business records, payroll records, internal auditing reports and investigations, and personnel-type records as well as tax and financial information regarding . . . non-parties to this litigation is confidential and proprietary information that should be subject to a protective order" and that "the addresses, phone numbers, drivers' license numbers, social security numbers, bank account numbers, insurance policy numbers, etc. regarding . . . non-parties to this litigation is private and confidential information that likewise should be subject to a protective order").

Accordingly, even if Plaintiff's interpretation of Rule 26(a)(1) would require the disclosure of home addresses and personal telephone numbers for non-party witnesses, the Court should not compel the production of that information and should enter a protective order preserving the privacy interests of these non-parties.

## VI.    No Basis for the Award of Attorney's Fees Against Defendants

In addition to seeking to compel Defendants to provide the home addresses and personal telephone numbers without providing any reasonable justification for doing so, Plaintiff then seeks an award of attorney's fees for filing their motion. However, Plaintiff is not entitled to an award

of attorney's fees.  As an initial matter, for the reasons set forth above, Plaintiff is not entitled to this personal information about non-party witnesses in order to conduct a fishing expedition under the guise of "background investigations."   Indeed, Plaintiff seeks information about the non-party witnesses that she did not provide of herself in her initial disclosures.  As explained above, her initial disclosures do not disclose Plaintiff as an individual likely to have discoverable information regarding her claims. (See Exhibit A).  Even if Rule 26(a)(1) could be interpreted to include the disclosure of home addresses and personal telephone numbers of non-parties, the Court should deny the Motion to Compel and enter a protective order under Rule 26(c) in this case forbidding the disclosure of the information to protect non-party witnesses.  As a result, under Rule 37(a)(5)(B) and Rule 37(c)(1), an award of attorney's fees to Plaintiff is not appropriate.

Plaintiff's request for fees also should be denied based on Plaintiff's failure to accurately represent the parties' conferral regarding this motion.  Specifically, in the motion, Plaintiff failed to disclose Defendants' offer to provide business contact information as well as to accept service of any subpoena, which Plaintiff rejected as unacceptable.  Finally, even if the Court finds that Defendants should disclose the personal information of non-parties, Defendants' position is substantially justified as explained supra and therefore an award of attorney's fees is not warranted.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel Disclosure of Personal Phone Numbers and Addresses of Defendants' Witnesses (Dkt. No. 37).

DATED this 15th day of June, 2018.

Respectfully submitted,

*s/ Sacha Dyson*
GREGORY A. HEARING

Florida Bar No.: 817790
SACHA DYSON
Florida Bar No.: 509191
THOMPSON, SIZEMORE, GONZALEZ
& HEARING, P.A.
201 N. Franklin Street, Suite 1600
Post Office Box 639 (33601)
Tampa, Florida, 33602
Tel:   (813) 273-0050
Fax:  (813) 273-0072
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the <u>15th</u> day of June, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following: Peter Helwig and Kathryn Piscitelli, Attorneys for Plaintiff.

*s/ **Sacha Dyson***
Attorney

18