UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILDA VAN HOEK,

    Plaintiff,

v.                                                                  Case No.: 8:17-cv-2447-T-36AAS

MCKESSON CORPORATION; PSS
WORLD MEDICAL, INC.; MCKESSON
MEDICAL-SURGICAL INC.; and
MCKESSON MEDICAL-SURGICAL
TOP HOLDINGS INC.,

    Defendants.
_____/

## ORDER

Hilda Van Hoek moves the court for an order directing McKesson Corporation, PSS World Medical, Inc., McKesson Medical-Surgical Inc., and McKesson Medical-Surgical Top Holdings, Inc. to provide the personal addresses and telephone numbers of each of the witnesses named in the defendants' initial disclosure. (Doc. 37). The defendants filed a response to the motion, stating that this information is invasive and not discoverable. (Doc. 40). In addition, the defendants request a protective order prohibiting Ms. Van Hoek from obtaining the defendants' witnesses' personal contact information. (*Id.*).

In the defendants' Rule 26(a)(1) Initial Disclosures, they failed to provide the addresses and telephone number of these eleven employees listed as witnesses: Clint Brady, Laura Carmen, Francis D'Avanza, Brian Irish, Paul Jensen, Alexandra Loisey, Brian Nehr, Darin Sharp, Jeanette Stach, Craig Williams, and Carlos Xiques.

(Doc. 37-1). Instead, the defendants provided their counsel's address. (*Id.*).

Rule 26(a) provides in pertinent part:

(1) Initial Disclosure.

> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party *must*, without awaiting a discovery request, provide to the other parties:
>
> > (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information— ...

Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). The requirements of Rule 26(a) are mandatory. *Altheim v. GEICO Gen. Ins. Co.*, No. 8:10-cv-156-T-24TBM, 2010 WL 11508155, at *1 (M.D. Fla. May 17, 2010). Providing counsel's business address does not satisfy Rule 26(a)'s requirements, unless no other address or telephone number is known. *Id.* (citing *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681 (N.D. Ga. 2000)).

Moore's Federal Practice describes the disclosure requirement of Rule 26(a)(1)(A)(i) as "the functional equivalent of standing court-ordered interrogatories," and further explains that "if some or all of the identified individuals are employees of the disclosing party, their home addresses and telephone numbers must be disclosed." 6 Moore's Federal Practice § 26.22(4)(a)(i). Furthermore, "[t]he disclosing party does not satisfy the initial disclosure obligation by providing only its business address and telephone number, even for employees with managerial responsibilities, unless the disclosing party knows no other address." *Id.* The disclosure obligation is also subject to a duty to supplement, under Rule 26(e)(1).

2

Ms. Van Hoek asserts the defendants' witnesses' addresses and telephone numbers are necessary to conduct background investigations for purposes of use at deposition and trial. (Doc. 37, p. 9). Contrary to the defendants' argument, it is permissible for Ms. Van Hoek to conduct background investigations of the defendants' listed witnesses. *See also Townsend v. Hosp. Bd. of Directors of Lee Cty.*, No. 2:10-cv-59-FTM-29, 2010 WL 3702546, at *1 (M.D. Fla. Sept. 16, 2010); *see also Thurby v. Encore Receivable Mgmt.*, Inc., 251 F.R.D. 620, 621–22 (D. Colo. 2008) (personal contact information such as home addresses and telephone numbers usually are not considered private because they are regularly disclosed to friends, relatives, companies, schools, and the like, and may be needed by opposing party to conduct thorough background investigations of the witnesses). Therefore, the defendants shall provide each of their listed witnesses' addresses and telephone numbers, in compliance with Rule 26(a)(1).

As to the defendants' request for a protective order, a person moving for a protective order has the burden of proving his objections and privileges. *See, e.g., Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 638–39 (S.D. Fla. 2011). To establish the need for a protective order, the moving party must "demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005); *see also I.S.E.L., Inc. v. Am. Synthol, Inc.*, No. 3:08-CV-870-J-25TEM, 2009 WL 3367237, at *3 (M.D. Fla. Oct. 15, 2009) (The moving party bears a heavy burden to

demonstrate "that disclosure will work a clearly defined and very serious injury...") (internal citations omitted)).  The defendants have not demonstrated good cause for a protective order.

Accordingly, it is **ORDERED** that Ms. Van Hoek's Motion to Compel Disclosure of Personal Phone Numbers and Addresses of Defendants' Witnesses (Doc. 37) is **GRANTED**.  No later than **July 12, 2018**, the defendants must provide Ms. Van Hoek with the addresses and telephone numbers of each of the eleven witnesses named above, in compliance with Rule 26(a).  Each party will bear its own attorney's fees incurred as a result of this motion.  *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

**ORDERED** in Tampa, Florida on this 21st day of June, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge