# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**HILDA VAN HOEK,**

     **Plaintiff,**

**v.**                                                            Case No.: **8:17-cv-2447-T-02AAS**

**MCKESSON CORPORATION, PSS
WORLD MEDICAL, INC., MCKESSON
MEDICAL-SURGICAL INC., and
MCKESSON MEDICAL-SURGICAL
TOP HOLDINGS INC.,**

     **Defendants.**

_____/

## <u>ORDER</u>

The parties appeared for a hearing on McKesson Corporation, PSS World Medical, Inc., McKesson Medical-Surgical Inc., and McKesson Medical-Surgical Top Holdings, Inc.'s (collectively, "McKesson") Motion to Compel and for Protective Order (Doc. 44) and Hilda Van Hoek's Motions to Compel Production of Documents (Docs. 45, 46). The motions are opposed. (Docs. 53, 57). For the reasons stated on the record at the hearing,

(1)    McKesson's Motion for Compel and for Protective Order (Doc. 44) is **GRANTED IN PART AND DENIED IN PART**, as follows:

    (a)    The motion to compel an answer to interrogatory no. 6 is granted only to the extent it requests Ms. Van Hoek specify the work she performed on portions of the Florida Medical Clinic account remaining with Brady as referenced in the last sentence of

paragraph 32 of the fourth amended complaint. Otherwise, the motion to compel an answer to interrogatory no. 6 is denied.

(b)    The motion to compel an answer to interrogatory no. 7 is granted only to the extent it requests Ms. Van Hoek identify any accounts, not already identified elsewhere in the fourth amended complaint, she asserts are included in the "numerous accounts" referenced in paragraph 37 of the fourth amended complaint. Otherwise, the motion to compel an answer to interrogatory no. 7 is denied.

(c)    The motion to compel as to interrogatory no. 8 is granted only to the extent it requests Ms. Van Hoek identify the work she performed and continues to perform on the east coast Access accounts as referenced in the last sentence of paragraph 38 of the fourth amended complaint. Otherwise, the motion to compel an answer to interrogatory no. 8 is denied.

(d)    The motion to compel as to interrogatory no. 9 is granted only to the extent it requests Ms. Van Hoek identify the work she performed on the Florida Hospital Physician Group's Pinellas County account as referenced in the last sentence of paragraph 41 of the fourth amended complaint. Otherwise, the motion to compel an answer to interrogatory no. 9 is denied.

(e)    The motion to compel as to interrogatory no. 10 is granted only to

the extent it requests Ms. Van Hoek identify any additional negative impact McKesson's actions have had on her employment, other than what is already alleged in the fourth amended complaint.  Otherwise, the motion to compel an answer to interrogatory no. 10 is denied.

(f)     The motion to compel as to interrogatory nos. 11 and 12 is denied.

(g)     The motion to compel as to interrogatory no. 13 is granted only to the extent it requests Ms. Van Hoek identify any accounts that a man was paid commissions for her work since March 2013, as referenced in paragraphs 68, 91, and 93 of the fourth amended complaint.  Ms. Van Hoek must only identify accounts not already specified in the fourth amended complaint.  Otherwise, the motion to compel an answer to interrogatory no. 13 is denied.

(h)     The motion to compel as to interrogatory no. 14 is granted only to the extent it requests Ms. Van Hoek identify the accounts placed in jeopardy, as referenced in paragraphs 80 and 105 of the fourth amended complaint.  Otherwise, the motion to compel an answer to interrogatory no. 14 is denied.

(i)     The motion to compel as to interrogatory no. 15 is granted only to the extent it requests Ms. Van Hoek identify any similarly situated individuals treated differently from her and not already identified in the fourth amended complaint.  Otherwise, the

motion to compel an answer to interrogatory no. 15 is denied.

(j)     The motion to compel as to interrogatory no. 16 is granted, but Ms. Van Hoek's answer need not include any declaration or admission made as a part of this litigation. Stated another way, Ms. Van Hoek's interrogatory answer need not include any statements made at a deposition or otherwise in the presence of defense counsel during this litigation.

(k)     The motion to compel as to interrogatory no. 17 is granted only to the extent it requests Ms. Van Hoek identify the conditions precedent she satisfied prior to bringing this action under the FCRA and Title VII. Otherwise, the motion to compel an answer to interrogatory no. 17 is denied.

(l)     The motion to compel as to interrogatory nos. 18-22 are denied. Concerning interrogatory no. 19, at the hearing, Ms. Van Hoek's counsel advised Ms. Van Hoek is not seeking damages for emotional distress and will revise her Rule 26 initial disclosures accordingly. Concerning interrogatory nos. 18 and 20-22, Ms. Van Hoek must comply with her Rule 26(e) ongoing obligation to supplement or correct her initial disclosures and discovery responses, as necessary.

(m)     McKesson's request for a protective order is denied.

(2)     Ms. Van Hoek's Motions to Compel Production of Documents (Docs. 45,

46) are **GRANTED IN PART AND DENIED IN PART**, as follows:

    (a)    If the parties are unable to agree on terms of a confidentiality agreement, they shall brief the issue for the court and file their proposed confidentiality agreements no later than **December 7, 2018**.

    (b)    The motion to compel as to request no. 1 is granted.

    (c)    The motion to compel as to request no. 3 is granted but narrowed to a timeframe of 2012 through 2016. The request is applicable to all four defendant entities and includes communications concerning any name changes.

    (d)    The motion to compel as to request nos. 4 and 5 is granted.

    (e)    The motion to compel as to request no. 6 is denied without prejudice.

    (f)    The motion to compel as to request no. 7 is granted.

    (g)    The motion to compel as to request no. 14 is granted to the extent McKesson must produce responsive documents for sales dated December 1, 2015 through June 30, 2016.

    (h)    The motion to compel as to request nos. 21 and 28 is granted.

    (i)    The motion to compel as to request no. 35 is granted to the extent McKesson must produce responsive documents for sales dated on or after April 1, 2014.

    (j)    In response to the requests seeking ongoing sales and commission

data, McKesson must produce data dated though September 30, 2018. The parties should confer in an effort to reach agreement on a schedule for McKesson to supplement its production. If the parties are unable to agree, the next supplementation should be for data dated October 1, 2018, through December 31, 2018 and then every three months thereafter until immediately before trial.

(3)    Each side will bear its own attorney's fees and costs incurred in connection with the instant motions. *See* Fed. R. Civ P. 37(a)(5)(C).

(4)    **January 4, 2019** is the deadline for all discovery responses compelled in this order. Also, by **January 4, 2019**, Ms. Van Hoek must supplement her initial disclosures to memorialize counsel's oral statement that Ms. Van Hoek is not seeking damages for emotional distress. As noted above, the parties are reminded they have a continuing duty to supplement their initial disclosures and discovery responses.

(5)    A case management and discovery status conference is scheduled before the undersigned on **January 11, 2019 at 9:00 a.m.**, in Courtroom 10B of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. With the consent of the Honorable William F. Jung, all deadlines in the Case Management and Scheduling Order (Docs. 22 & 43) are **STAYED** pending the January 11th conference, at which the undersigned will consult with the parties and issue new case management deadlines. Counsel for the parties must confer no later than **January 9, 2019**, for purposes of discussing case deadlines to propose jointly to

the court at the January 11th conference.

**ORDERED** in Tampa, Florida on December 3, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge