UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILDA VAN HOEK,

    Plaintiff,

v.

MCKESSON CORPORATION; PSS
WORLD MEDICAL, INC.; MCKESSON
MEDICAL-SURGICAL INC.; and
MCKESSON MEDICAL-SURGICAL TOP
HOLDINGS INC.,

    Defendants.                         /

Case No. 8:17-cv-2447-T-36AAS

**PLAINTIFF'S BRIEF AND PROPOSED CONFIDENTIALITY AGREEMENT PURSUANT TO THE COURT'S ORDER AT DOC. 60**

Pursuant to the Court's order at Doc. 60, Plaintiff Hilda van Hoek respectfully submits for the Court's review and consideration Plaintiff's proposed confidentiality agreement at Exhibit 1.

At the hearing held November 29, 2018, the Court directed the parties to negotiate a confidentiality agreement and provided a deadline of December 7, 2018. Negotiations did take place. Plaintiff's counsel submitted a draft agreement to defense counsel on November 30, 2018, which was like the proposed agreement Plaintiff filed at Doc. 45-4 with exception that the reference to a special master was deleted, as defense counsel had criticized at the hearing Plaintiff's inclusion of that reference. Defense counsel waited until December 5, 2018, to respond, which compressed the time for review and negotiation. The parties did not agree to all terms. Nonetheless, Plaintiff is pleased to report that substantial agreement was reached. Plaintiff discusses below the points of disagreement.

**The disputed terms**

Exhibit 2 shows Plaintiff's edits to Defendants' last proposed version of the agreement and Plaintiff's explanations of the edits. Defense counsel did not accept any of the edits. As those edits the points of disagreement, Plaintiff discusses each of them.

**Opening paragraph.** Defendants listed all the parties but PSS World Medical, Inc. It is proper to include all the parties' names.

**Paragraph (b).** Plaintiff corrected a typographical error. It was appropriate to make the correction.

**Paragraph (c).** The terms "valuable confidential business or professional information" are broad, undefined categories. The sentence without this additional language sufficiently describes what would legitimately qualify as confidential business information and covers the documents and information that the Court ordered Defendants to disclose. *Cf. See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)) ("The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order.").

**Paragraphs (c) and (f).** Plaintiff made the edits to these paragraphs because this agreement should not govern what happens in proceedings before the Court. The purpose of a confidentiality agreement would be to facilitate discovery, not direct what happens in Court. Documents and information filed with the Court and witness testimony before the Court are the province of the Court. If Defendants wish to alter what or how "confidential" documents

are filed with the Court and what or how witnesses testify in Court about such documents, Defendants remain free to address such matters in a motion for a protective order.

**Paragraph (g).** Plaintiff found this paragraph unnecessary because restriction to use in the litigation is already accomplished through and is inherent in the other confidentiality provisions. Plaintiff also was confused and concerned by the "governmental purpose or function" portion. If the purpose of such language would be for Plaintiff to refuse to comply with a government order for documents received from Defendants, such purpose would be unlawful.

**Paragraph (i).** Ten days after issuance of a deposition transcript would provide sufficient time for defense counsel to designate portions of the transcript as "Confidential," especially given that defense counsel would have attended the deposition and known which testimony she wished to so designate. Fifteen business days is three weeks and far too much time. Plaintiff deserves to know as soon as possible what testimony will be designated as "Confidential."

Plaintiff strenuously objects to Defendants' proposal to be permitted to interrupt deposition testimony to make statements on the record to express defense counsel's belief that testimony is subject to the confidentiality agreement. This will interrupt the flow of the testimony and, worse, can chill the deponent who is testifying. Nothing in Rule 30 authorizes such statements on the record by defense counsel.

Regarding the last sentence that Plaintiff struck in this paragraph, Plaintiff does not want any part of a deposition to automatically be designated as confidential. If Defendants want some part of a transcript so designated, they should be responsible for affirmatively doing

so by serving written notice within 10 days after receipt of the transcript.

**Paragraph (k).** Plaintiff may not decide until the last minute before filing a motion or response to a motion every exhibit her attorneys wish to use. Thus, Plaintiff should not be required to provide Defendants advance notice. As for trial, Defendants will know well in advance from preparing the joint pretrial statement precisely what exhibits Plaintiff plans to use.

**Paragraph (l).** Plaintiff's edit in this paragraph conformed the language to that required by the case management and scheduling order for confidentiality agreements. (Doc. 22 at 4 ("Each confidentiality agreement or order shall provide, or shall be deemed to provide, that 'no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.'").)

Respectfully submitted,

**/s/ Kathryn S. Piscitelli**
Kathryn S. Piscitelli
Florida Bar No. 368598
P.O. Box 691166
Orlando, FL 32869-1166
Phone: (407) 491-0143
Email: kpiscitelli1@cfl.rr.com

**/s/ Peter F. Helwig**
Peter F. Helwig
Florida Bar No. 0588113
HARRIS & HELWIG, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, Florida 33813
Phone: (863) 648-2958
Email: pfhelwig@tampabay.rr.com

**Attorneys for Plaintiff**

## Certificate of Service

      I hereby certify that on December 7, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/
**<u>Kathryn S. Piscitelli</u>**
Kathryn S. Piscitelli
