UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILDA VAN HOEK,

    Plaintiff,

v.                                            Case No. 8:17-cv-2447-T-02AAS

MCKESSON CORPORATION; PSS
WORLD MEDICAL, INC.; MCKESSON
MEDICAL-SURGICAL INC.; and
MCKESSON MEDICAL-SURGICAL
TOP HOLDINGS INC.,

    Defendants.
_____/

## ORDER

Plaintiff Hilda van Hoek and Defendants McKesson Corporation, PSS World Medical, Inc., McKesson Medical-Surgical Inc., and McKesson Medical-Surgical Top Holdings, Inc. (collectively, the defendants), appeared for a hearing on van Hoek's motion to disqualify the defendants' counsel (Doc. 95) on July 25, 2019. (Doc. 102). For the reasons stated below and on the record at the hearing, van Hoek's motion to disqualify counsel is **DENIED**.

**I.     BACKGROUND**

Van Hoek originally filed this action in state court. (Doc. 1, Ex. A). On October 18, 2017, the defendants removed the action to this court. (Doc. 1). Attorneys Gregory Hearing and Sacha Dyson appeared on behalf of the defendants. (*Id.*). Until April 28, 2019, Hearing and Dyson were members of the law firm Thompson,

1

Sizemore, Gonzalez & Hearing, P.A. (TSG&H). (Doc. 99, Ex. A).

In 2009 and 2010, attorney Sandra Sheets, with the law firm GrayRobinson P.A., represented van Hoek and her husband in estate planning matters. (Doc. 95-1, p. 1). On January 19, 2010, Sheets mailed van Hoek her completed estate planning documents. (Doc. 95-1, Ex. A). Sheets attached a cover letter that ended with, "It was a pleasure working with you in this matter. If we can be of any help in the future, please let us know." (*Id.*).

In 2014, attorney Sheets provided legal services to a relative of van Hoek. (Doc. 95-1, p. 2). It appears Sheets represented the relative in the financial matter and not van Hoek, but the bill for services was sent to van Hoek.

On April 29, 2019, TSG&H merged with GrayRobinson. (Doc. 99, Ex. A). Because of the merger, Hearing and Dyson became employees of GrayRobinson.

In June 2019, van Hoek sought to update her and her husband's wills. (Doc. 95-1, p. 2). On June 4, 2019, van Hoek contacted Sheets for assistance. (*Id.*). Sheets performed a conflict check, which listed van Hoek as an adverse party in this action. (Doc. 95-1, Ex. E). Sheets asked whether van Hoek would sign a conflict of interest waiver. (*Id.*). Van Hoek declined to sign the waiver and Sheets performed no legal work on van Hoek's behalf. (Doc. 95-1, p. 2).

Van Hoek requests the court disqualify attorneys Dyson, Hearing, and the law firm GrayRobinson from representing the defendants in this action. (Doc. 95). The defendants oppose van Hoek's request. (Doc. 99). On July 26, 2019, the court held a

hearing on van Hoek's motion to disqualify counsel for the defendants and orally denied the motion. (Doc. 102). The court explained its ruling on the record at the hearing and it is supported by this order.

## II. ANALYSIS

Motions to disqualify opposing counsel are "generally viewed with skepticism because...[they] are often interposed for tactical purposes." *Yang Enter., Inc. v. Georgalis*, 988 So. 2d 1180, 1183 (Fla. 1st DCA 2008). The burden of proof is on the party moving for disqualification. *Id.*

"'Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist.'" *In re: BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). "Disqualification of a party's chosen attorney is an extraordinary remedy that should be resorted to only sparingly. . .." *Steinberg v. Winn-Dixie Stores Inc.*, 121 So. 3d 622, 624 (Fla. 4th DCA 2013).

"An order disqualifying counsel 'must be tested against standards imposed by [the] Rules of Professional Conduct.'"[1] *AlliedSignal Recovery Trust v. AlliedSignal, Inc.*, 934 So. 2d 675, 678 (Fla. 2d DCA 2006). Van Hoek contends Hearing, Dyson, and GrayRobinson's representation of the defendants is prohibited by Florida Bar Rules of Professional Conduct 4–1.7, 4–1.9, and 4–1.0(a).

---

[1] Local Rule 2.04(d), Middle District of Florida, incorporates the Florida Bar's rules of professional conduct as ethical standards for practitioners in this court. *See* M.D. Fla. L.R. 2.04(d).

3

### A. Florida Bar Rule of Professional Conduct 4–1.7

Florida Bar Rule of Professional Conduct 4–1.7 concerns an attorney's duties to current clients in situations involving conflicts of interest. Rule 4–1.7 provides that a lawyer "must not represent a client if ... there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Fla. R.P.C. 4–1.7(a)(2).

Van Hoek is not a current client of Hearing, Dyson, or GrayRobinson. Sheets and GrayRobinson's representation of van Hoek ended on January 19, 2010, when Sheets mailed van Hoek her completed estate planning documents and stated, "It was a pleasure working with you in this matter. If we can be of any help in the future, please let us know." (Doc. 95-1, Ex. A). Even if Sheets represented van Hoek (not her relative) in 2014, neither Hearing, Dyson, nor GrayRobinson were representing van Hoek on April 29, 2019 when TSG&H merged with GrayRobinson. (Doc. 99, Ex. A). When van Hoek sought further representation from Sheets in June 2019, Sheets ran a conflict check and advised van Hoek she could not represent her without execution of a conflict waiver. (Doc. 95-1, Ex. E). Van Hoek did not execute the waiver and Sheets did not perform legal services for van Hoek. (*Id.*).

Van Hoek is not a current client of Hearing, Dyson, or GrayRobinson and cannot avail herself of the protections Rule 4–1.7 provides to current clients. *See Fenik v. One Water Place*, No. 06–514, 2007 WL 527997 (N.D. Fla. Feb. 14, 2007)

(former client could not assert conflicts under Rule 4–1.7, which creates duties to current clients). Under these facts, Rule 4–1.7 is not a basis for disqualification.

**B.      Florida Bar Rule of Professional Conduct 4–1.9**

Florida Bar Rule of Professional Conduct 4–1.9(a) applies to the representation of former clients. The Rule provides that a lawyer who has formerly represented a client in a matter must not afterwards:

> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
>
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

Fla. R.P.C. 4–1.9.

Attorney Sheets and the law firm GrayRobinson represented van Hoek and her husband in estate planning matters in 2009 and 2010 and represented van Hoek's relative in 2014. Sheets and GrayRobinson may not represent another person with interests materially adverse to van Hoek's interests in a substantially related matter without van Hoek's consent. *See* Fla. R.P.C. 4–1.9(a).

"'Matters are 'substantially related' . . . if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that

5

the lawyer performed for the former client.'" *Waldrep v. Waldrep*, 985 So. 2d 700, 702 (Fla. 4th DCA 2008) (quoting *In re Amendments to the Rules Regulating the Florida Bar*, 933 So. 2d 417, 445 (Fla. 2006)). The burden is on van Hoek to establish grounds for disqualification. *THI Holdings, LLC v. Shattuck*, 93 So. 3d 419, 424 (Fla. 2nd DCA 2012); *see also Cox v. American Cast Iron Pipe Co.*, 847 F.2d 725, 729 (11th Cir. 1988) (applying same standard to a party seeking disqualification under the American Bar Association's Code of Professional Conduct).

Van Hoek has not met this burden. Van Hoek agrees her estate planning matters are not substantially similar to this employment action. (Doc. 95, p. 7). In addition, van Hoek has not established that Sheets' prior estate planning representation is "material" to this litigation or could be used to van Hoek's disadvantage. Van Hoek's argument that Sheets' knowledge of van Hoek's "comfortable lifestyle" would create an unfair prejudice by assuming a resistance to settlement and reduction of damages awarded by a jury is unavailing. If van Hoek has valid concerns of this prejudice, a motion in limine is the more appropriate avenue of recourse. Rule 4–1.9 also is not a basis for disqualification.

### C. Florida Bar Rule of Professional Conduct 4–1.10

Van Hoek also relies on Florida Bar Rule of Professional Conduct Rule 4–1.10(a) as grounds for disqualification. Rule 4–1.10(a) governs the "vicarious disqualification" of a law firm when one of its lawyers is disqualified. It provides that, "While lawyers are associated in a firm, none of them shall knowingly represent a

6

client when any of them practicing alone would be prohibited from doing so by Rule [] … 1.9."

However, attorneys Hearing, Dyson, and Sheets were not members of the same law firm when Sheets represented van Hoek in 2009 and 2010. Instead, Sheets became associated with Hearing and Dyson following the merger of TSG&H and GrayRobinson. The firms merged on April 29, 2019, over nine years after Sheets completed her representation of van Hoek and her husband. Thus, Rule 4–1.0(a) does not apply.

Instead, Rule 4–1.10(b) related to former clients of newly associated firms applies. Rule 4–1.10(b) addresses the imputed disqualification of an entire firm when it hires an attorney who is disqualified from working on a case under Rule 4–1.9. The imputed-disqualification rule provides:

> Former Clients of Newly Associated Lawyer. When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person *and* about whom the lawyer had acquired information protected by rules 4–1.6 and 4–1.9(b) and (c) that is material to the matter.

Fla. R.P.C. 4–1.10(b) (emphasis added).

Sheets and GrayRobinson's representation of van Hoek in estate planning matters and representation of van Hoek's relative in an unrelated financial matter are not the same or substantially related to this employment action for gender

7

discrimination and retaliation. In addition, the interests of van Hoek's estate and financial matters are not materially adverse to this action. Moreover, in the papers and at the hearing, Hearing and Dyson asserted they are not privy to van Hoek's financial information or other information protected by rules 4–1.6 and 4–1.9(b) and (c). Thus, Rule 4–1.0 is not a basis for disqualification.

## III. CONCLUSION

Van Hoek failed to establish that Sheets' and GrayRobinson's representation of her and her husband ten years ago for estate planning is the same or substantially related to this employment action. No information Sheets obtained during the estate planning representation is material to this employment action or can be used to the disadvantage of van Hoek in this action. And Hearing and Dyson have not been privy to confidential or protected information about van Hoek obtained by Sheets during her 2009 and 2010 representation of van Hoek and her husband for estate planning purposes. For these reasons, van Hoek's Motion to Disqualify Counsel (Doc. 95) is **DENIED**.

**ORDERED** in Tampa, Florida, on August 2, 2019.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge