## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**HILDA VAN HOEK,**

     **Plaintiff,**

v.                                 **Case No. 8:17-cv-2447-T-03AAS**

**MCKESSON CORPORATION; PSS
WORLD MEDICAL, INC.; MCKESSON
MEDICAL-SURGICAL INC.; and
MCKESSON MEDICAL-SURGICAL TOP
HOLDINGS INC.,**

     **Defendants,**

_____/

## ORDER

Plaintiff Hilda van Hoek requests an order protecting against and quashing a subpoena duces tecum issued to nonparty Leisa Meredith by Defendants McKesson Corporation, PSS World Medical, Inc., McKesson Medical-Surgical Inc., and McKesson Medical-Surgical Top Holdings, Inc. (collectively, the defendants). (Doc. 122). Van Hoek argues that certain requested documents are privileged work product. (*Id.*). For the reasons stated, the motion is **DENIED without prejudice**.

## I.    BACKGROUND

Meredith is PSS World Medical, Inc. and McKesson Corporation's former employee and is identified as a potential witness in van Hoek's Rule 26(a)(1)(A)(i) disclosure. (Doc. 40-1). In January 2016, Meredith provided a two-page declaration to van Hoek's counsel. (Doc. 122, Ex. B, pp. 10-11).

1

On August 28, 2019, the defendants served van Hoek's counsel with their deposition notice and subpoena duces tecum for Meredith's September 11, 2019 deposition. (Doc. 122, Exs. A, B). Less than forty-eight hours before Meredith's scheduled deposition and over a week after being served with a copy of the notice and subpoena via email, van Hoek asks the court to quash the subpoena duces tecum or enter a protective order prohibiting the discovery of duces tecum request nos. 6, 18, 20, 22, and 27. (Doc. 122). Because the deposition is tomorrow, September 11, 2019, the deposition of this non-party witness has been rescheduled three times, and the most recent dispositive motion deadline proposed by the parties (October 18, 2019) is barely over a month away,[1] the court issues its ruling without the benefit of the defendants' response.

## II. ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) governs the scope of permissible discovery. That rule provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1).

Rule 45(d)(3) provides that, on a timely motion, a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or that "subjects a person to undue burden." Fed. R.

---

[1] The defendants removed this case from state court in October 2017, but van Hoek first filed this action in December 2014. (Doc. 1). This litigation has been pending for almost five years.

2

Civ. P. 45(d)(3)(A)(iii), (iv). While a party generally does not have standing to move to quash a subpoena issued to a non-party, "[a]n exception exists where the party demonstrates a personal privacy right or privilege with respect to the subject matter of the subpoena." *Martin v. National Union Fire Ins. Co. of Pittsburgh, PA*, No. 8:13-cv-00285-T-27MAP, 2013 WL 12156516, at *1 (M.D. Fla. 2013) (quoting *Auto-Owners Inc. Co. v. Se Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)).

Under the work product doctrine, documents and other "tangible things" are not discoverable by a party when they were "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." *Id.* at 26(b)(3)(A). Documents and materials reflecting an attorney's mental impressions, conclusions, opinions, or legal theories are referred to as "opinion work product" and have almost absolute immunity from discovery. *Cox v. Administration United States Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (citations omitted).

Subpoena duces tecum request nos. 16, 18, 20, 22, and 17—seeking in one form or another—Meredith's drafts of her declaration and communications with van Hoaek's counsel, are at issue here. It is unclear whether Meredith possesses the drafts and communications requested. And, if so, whether van Hoek's counsel's mental impressions, conclusions, opinions, or legal theories are contained in those documents. Thus, this motion is premature.

In the event Meredith brings the declaration drafts and communications

requested to her deposition *and* those documents contain van Hoek's counsel's opinion work product, they should be placed in a sealed envelope. Prior to production, van Hoek may move by separate motion for an in camera review of those documents to determine if they are subject to work production protection. Notably, while the draft declarations or counsel communications may be subject to protection following an in camera review, Meredith's recollection of the creation of her declaration is not protected and this order does not preclude that deposition testimony.

## III. CONCLUSION

Because it is unknow whether Meredith is in possession of the documents requested in subpoena duces tecum request nos. 16, 18, 20, 22, and 17, and what is contained in those documents, van Hoek's motion to quash subpoena or for protective order (Doc. 122) is **DENIED without prejudice**. Van Hoek may move for protection and in camera inspection by separate motion if Meredith produces those documents and they contain counsel's opinion work product.

**ORDERED** in Tampa, Florida on September 10, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

4