UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILDA VAN HOEK,

    Plaintiff,

v.                                                             Case No. 8:17-cv-2447-T-03AAS

MCKESSON CORPORATION; PSS
WORLD MEDICAL, INC.; MCKESSON
MEDICAL-SURGICAL INC.; and
MCKESSON MEDICAL-SURGICAL TOP
HOLDINGS INC.,

    Defendants,
_____/

## ORDER

Plaintiff Hilda van Hoek moves to compel Defendant McKesson Medical-Surgical Inc. (McKesson) to produce documents responsive to her second request for production. (Doc. 115).

## I. BACKGROUND

Van Hoek alleges sex discrimination in compensation, terms, and privileges of employment and retaliation by her employer. (Doc. 21). Van Hoek served McKesson with her second request for production on June 11, 2019. (Doc. 115, p. 1). McKesson responded on August 2, 2019. (*Id.*). On the day of the discovery deadline, August 23, 2019, van Hoek moved to compel documents responsive to her second request for production nos. 4, 10, 11, and 12. (*See* Doc. 104). McKesson opposes the motion. (Doc. 124).

1

## II. ANALYSIS

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery is meant to assist parties in ascertaining facts that bear on issues in the case. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). That said, requests for production should be clear, concise, and reasonably particularized. Middle District Discovery (2015) at III(A)(1).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving that the requested discovery is relevant. *Douglas v. Kohl's Dep't. Stores, Inc.*, No. 6:15-cv-1185-Orl-22TBS, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically demonstrate how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559-60 (11th Cir. 1985).

### A. Request for Production No. 4

Request for production no. 4 seeks "[d]ocuments showing [McKesson's] net worth in 2018 and, when available, Documents showing [McKesson's] net worth in 2019." (Doc. 115, p. 2). McKesson raised several objections including that the request is vague, ambiguous, overbroad, and premature. (*Id.*).

Punitive damages are available in employment discrimination cases for egregious conduct. *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1322-23 (11th Cir.

1999).  If the plaintiff has pleaded punitive damages in the complaint, the defendant's financial worth may be reasonably calculated to support the plaintiff's claim for punitive damages and may be obtained during discovery.  *See E.E.O.C. v. DiMare Ruskin, Inc.*, No. 2:11-cv-158-FTM-36, 2011 WL 3715067, at *3 (M.D. Fla. Aug. 24, 2011) (stating "defendant's financial worth may be discoverable if plaintiff has pleaded punitive damages under an ADA claim"); *Soliday v. 7-Eleven*, 2:09-cv–807-FtM-29SPC, 2010 WL 3928586, *1 (M.D. Fla. Oct.4, 2010) (holding discovery of net worth is permitted when punitive damages are sought in an employment discrimination suit); *Preferred Care Partners Holding Corp. v. Humana, Inc.*, No. 08-20424-CIV, 2008 WL 45500258, *4 (S.D. Fla. Oct. 3, 2009) (finding production of net worth appropriate under Fed. R. Civ. P. 26).

Van Hoek pleaded a request for punitive damages and is entitled to discovery of McKesson's financial worth.  However, as drafted, request for production no. 4 is overbroad because it does not identify the document sought.  There are likely numerous documents containing this information.  Because the request is overbroad, the parties must further meet and confer to reach an agreement on a narrow set of clearly identifiable documents that substantially disclose McKesson's current financial health.  A review of the investor portion of McKesson's website indicates that a large volume of financial information is already publicly available and easily accessible.

3

B.  **Request for Production Nos. 11, 12, and 13**

Request for production nos. 10, 11, and 12 seek W-2 forms for Craig Williams, Clinton Brady, and Todd Anderson for 2012, 2014, 2018, and any later year while this case is pending. (Doc. 115, pp. 3-6). Van Hoek argues these documents are necessary to complete her damages computations. (*Id.*).

Van Hoek's allegations of discrimination are specific to certain accounts. (Doc. 21). Van Hoek alleges she was forced to share a portion of one account with Williams, as well as a portion of two accounts with Brady. (*Id.*). Williams testified he has around 300 accounts. (Doc. 124, Ex. A). Brady testified he has around 350 to 400 accounts. (*Id.*). Documents evidencing Williams's and Brady's total compensation would not assist in damages calculations for those specific accounts. Thus, request for production nos. 10 and 11 are not proportional to the needs of this case.

Van Hoek's fourth amended complaint does not identify Anderson as an individual who unfairly received compensation. (*See* Doc. 21). Van Hoek argues she later discovered Anderson was given "Access ship-to accounts." (Doc. 115, p. 6). This does not bring Anderson's entire compensation into the scope of discovery. As with Brady and Williams, any compensation paid for those accounts constitutes only a portion of Anderson's total compensation. Thus, van Hoek's second request for production no. 12 also is not proportional to the needs of this case.

III.  **CONCLUSION**

Van Hoek's motion to compel (Doc. 26) is **GRANTED in part and DENIED**

**in part**. The parties must meet and confer no later than **October 14, 2019** for the purpose of reaching an agreement on the production of a narrow set of clearly identifiable documents that substantially disclose McKesson's current financial health. McKesson must then produce the agreed upon documents no later than **October 28, 2019**. In all other respects, the motion is denied.

**ORDERED** in Tampa, Florida on October 8, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge