UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HILDA VAN HOEK,**

    **Plaintiff,**

v.

Case No. 8:17-cv-2447-T-36AAS

**MCKESSON CORPORATION; PSS WORLD MEDICAL, INC.; MCKESSON MEDICAL-SURGICAL INC.; and MCKESSON MEDICAL-SURGICAL TOP HOLDINGS INC.,**

    **Defendants.**  /

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**(Expedited consideration would be appreciated.)**

Plaintiff Hilda van Hoek moves for an extension of time of 18 business days, from November 1, 2019, until Monday, December 2, 2019, to file her response in opposition to Defendants' Motion for Summary Judgment (Doc.128), including Plaintiff's memorandum in opposition to the motion, statement of disputed facts, and evidentiary documents in support of Plaintiff's opposition to the motion. Plaintiff requests this extension of time due to the volume of the record in this case, including thousands of pages of documents and massive electronic data files; the novelty of the issues; the need to obtain affidavits from witnesses; and deadlines and commitments in other matters which are not subject to alteration.

Under Rule 6(b)(1)(A), the Court may extend the time for to perform an act upon a showing of good cause. The rule "gives the court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed." 4B Wright & Miller, Federal

Practice & Procedure, Fed. Prac. & Proc. Civ. § 1165 (4th ed.). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.*

This is in contrast to Rule 6(b)(1)(B), which provides that where the motion for extension of time is filed after the expiration of the period original prescribed, an extension of time is granted only upon a showing of "excusable neglect."

As our circuit has held, "[a] timely motion to extend is reviewed [under Rule 6(b)(1)(A)] for good cause, not excusable neglect, and "should be liberally granted absent a showing of bad faith or undue prejudice." *Lizarzo v. Miami-Dade Corrections and Rehabilitation Department*, 878 F.3d 1008, 1012 (11th Cir. 2019) (citations and internal quotation marks omitted).

In *Sensi v. Florida Officers of Court*, 737 Fed. Appx. 433 (11th Cir. 2018), the plaintiff moved for a 30-day extension of time to object to a report and recommendation of the magistrate judge. The district court denied the motion, despite the plaintiff's assertion that he had received the report and recommendation only one day before the due date for his response. The Eleventh Circuit reversed, holding that it was an abuse of discretion to deny the requested 30-day extension of time. *Id.* at 436.

The instant case involves not only a voluminous record, but issues of complexity such as whether and how the principles established involving unequal payment of wages or salaries apply to commission-based earnings; whether Plaintiff suffered actionable adverse employment actions with respect to accounts and sub-accounts of multiple customers over the course of nearly seven years; which of the defendant corporations is responsible for the alleged discrimination and in what capacity; whether the Lilly Ledbetter Fair Play Act applies to Plaintiff's claims under federal law;

whether interpretations of federal law under the Lilly Ledbetter Fair Pay Act apply to Plaintiff's claims under the Florida Civil Rights Act; the interplay of administrative complaints filed under federal and state law; the scope and effect of "no cause" determinations made by the Florida Commission on Human Relations in excess of 180 days after the filing of an administrative complaint; whether the doctrine of judicial estoppel is triggered by a complainant's response to an administrative inquiry asking if the complainant wishes the FCHR to continue its investigation of a complaint that has been pending in excess of 180 days; the effect of Florida rules of civil procedure and case law and decisions of the Thirteenth Judicial Circuit Court on Plaintiff's federal claims prior to removal of the claims currently before this Court; whether Plaintiff must identify a comparator as part of her *prime facie* case in light of *Lewis v. City of Union City, Georgia*, 934 F.3d 1169 (11th Cir. 2019); and whether new acts of discrimination occurring during the pendency of judicial and administrative proceedings are subject to federal and state charge-filing and exhaustion requirements.

      Plaintiff's undersigned counsel has conferred with defense counsel, who state that they do not object to a two-week extension of the deadline for van Hoek's response to the Motion for Summary Judgment but do object to an extension of any greater length. However, a two-week extension will not be sufficient for all work necessary to oppose Defendants' extensive statement of undisputed facts (which is 30 pages long and contains 121 paragraphs, most of which are comprised of multiple sentences with separate factual allegations and record cites, and many of which contain footnotes with further assertions and record cites) and memorandum of law (which, as noted above, involves complex legal issues).

3

In addition, unavoidable commitments of counsel Peter Helwig preclude completion within only two more weeks, including medical treatments for injuries sustained in a bicycle accident; a scheduled oral argument at the Eleventh Circuit Court of Appeals on November 6, 2019, in *Ross v. Commissioner* (Case No. 18-12083); an administrative appeal in another case which must be filed by November 12, 2019; and a commitment to attend the annual meeting of the College of Labor and Employment Lawyers in New Orleans on November 9, 2019, for the purpose of being inducted into that organization. The November 6, 2019, Eleventh Circuit argument will require at least three days' preparation, as Mr. Helwig did not represent the appellant in the district court and will need to master an extensive record. The oral argument was scheduled by the Court of Appeals after the deadlines were reset in this case on August 27, 2019, and as such the date of the oral argument was unknown when counsel agreed to the deadline for response to McKesson's summary judgment motion.

This motion is made within the original deadline and therefore does not require a showing of excusable neglect. Rule 6(b)(1)(B).

WHEREFORE, Plaintiff moves that the time be extended to December 2, 2019, for filing her response to Defendant's Motion for Summary Judgment, including her memorandum in opposition to the motion, statement of disputed facts, and evidentiary documents in support of Plaintiff's opposition to the motion.

### Rule 3.01(g) Certificate

As stated above, defense counsel consents to Plaintiff being granted a two-week enlargement, but not longer.

| | |
|---|---|
| Dated: October 31, 2019 | Respectfully submitted, |

**/s/ Peter F. Helwig**
Peter F. Helwig
Florida Bar No. 0588113
HARRIS & HELWIG, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, Florida 33813
Phone: (863) 648-2958
Facsimile: (863) 619-8901
Email: pfhelwig@tampabay.rr.com

**/s/ Kathryn S. Piscitelli**
Kathryn S. Piscitelli
Florida Bar No. 0368598
P.O. Box 691166
Orlando, FL 32869-1166
Phone: (407) 491-0143
Email: kpiscitelli1@cfl.rr.com

**Attorneys for Hilda van Hoek**