**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HILDA VAN HOEK,**

     **Plaintiff,**

vs.                                            Case No. 8:17-cv-2447-T-36AAS

**MCKESSON CORPORATION; PSS**
**WORLD MEDICAL, INC.; MCKESSON**
**MEDICAL-SURGICAL INC.; and MCKESSON**
**MEDICAL-SURGICAL TOP HOLDINGS**
**INC.,**

     **Defendants.**                    /

**PLAINTIFF'S NOTICE OF ERRATA**

Plaintiff hereby gives notice of four errors in her Substituted Memorandum in Opposition to Defendant's Motion for Summary Judgment (Dkt. 162) filed on December 12, 2016.  The errors, identified by page number of the Substituted Memorandum, are as follows:

- On page 7, in the last full paragraph, the Substituted Memorandum erroneously states that the bill-to rep "receives a share of commissions owned by 'ship-to' reps." (Doc. 156-1 at ¶¶ 45, 68, 85, 97.)

- On page 13, in the paragraph that begins on page 12, the Substituted Memorandum correctly states that Ms. van Hoek voluntarily relinquished the bill-to account for Tower Diagnostics.  However, the Substituted Memorandum goes on to state that she later voluntarily relinquished two of her Tower Diagnostics ship-to accounts.  This latter statement is incorrect; Ms. van Hoek was required to relinquish those two accounts, in favor of a man, and did not agree to do so. (Dkt. 156-1 at ¶¶ 121-128.)

- On page 16, the second full paragraph states that van Hoek told Maria Jimenez that after she pressed Jensen for a copy of the contract that supposedly prevented his providing Access with a sole rep, he acknowledged that he "may have misstated this." However, the cited testimony recounting Jimenez's conversation with van Hoek does not state that van Hoek informed Jimenez of Jensen's admission during the conversation. Undersigned counsel misread van Hoek's declaration in stating otherwise. (Dkt. 156-1, ¶ 89).

- On page 19, three lines from the bottom, it is stated that "Lisa DeLong told van Hoek that Xiques had told her that Brady was the only rep available to serve customers in Zephyrhills." In fact, the cited document, an e-mail from DeLong to Plaintiff, states that "when we signed up I was given Clint Brady as my rep and told that he was the only rep that we had access to in this area," but does not identify Xiques and the source of that statement. (Dkt. 130, Ex. 72).

Plaintiff's counsel have given notice of these errors promptly after discovery, and in advance of the December 20, 2019 hearing on the summary judgment motions, and apologize to counsel and the Court for any inconvenience caused by these errata.

Dated: December 17, 2019

                                                      Respectfully submitted,

                                                     */s/ Kathryn S. Piscitelli*

                                                     Kathryn S. Piscitelli
                                                   Florida Bar No. 0368598
                                                   P.O. Box 691166
                                                   Orlando, FL 32869-1166
                                                   Phone: (407) 491-0143
                                                   Email: kpiscitelli1@cfl.rr.com

                                                   ___*/s/ Peter F. Helwig*_____

Peter F. Helwig
Florida Bar No. 0588113
HARRIS & HELWIG, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, Florida 33813
Phone: (863) 648-2958
Facsimile: (863) 619-8901
Email: pfhelwig@tampabay.rr.com

**Attorneys for Hilda van Hoek**